UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

     v.                         CASE NO. 6:24-cr-100-CEM-DCI

ERNESTO VAZQUEZ

## **UNITED STATES' MOTION FOR DETENTION**

Pursuant to 18 U.S.C. § 3142(f)(1)(e), the United States hereby moves for pretrial detention for the above charged defendant.  As described below, and in the indictment, Vazquez and his co-conspirators engineered a gun-trafficking conspiracy that distributed over 100 firearms, including machine guns, into our community, Puerto Rico, and the Dominican Republic.  For these reasons and the reasons set forth below, Vazquez is both a danger to the community and a flight risk and no condition or combination of conditions can reasonably secure his appearance at trial or the safety of the community.  He therefore should be detained.

## **BACKGROUND**

Since October 2023, the Government has investigated the unlawful trafficking of firearms in and around Orlando, Puerto Rico, and the Dominican Republic. Together with others, Vazquez and his co-conspirators sold over 100 guns to firearms traffickers operating in the Middle District of Florida and elsewhere.  Text messages between Vazquez and his co-conspirators show that he understood the purchasers of the firearms to be associated with criminal organizations.  Despite this knowledge,

Vazquez continued to sell large quantities of guns to these individuals, without hesitation.

Vazquez and his co-conspirators acquired guns to be trafficked, including the following, from private sellers, federal firearms licensees ("FFLs"), and Chinese manufacturers:





Law enforcement has recovered guns trafficked by the conspiracy in shipments bound for Puerto Rico and the Dominican Republic. Puerto Rico sees some of the highest rates of gun violence in the US. In fact, if ranked among the 50 states, Puerto Rico's gun homicide rate would rank first among the 50 states. *See* Giffords Law Center to Prevent Gun Violence, *A year later: Gun Violence in the US Territories* (April 17, 2023) (https://giffords.org/blog/2023/04/a-year-later-gun-violence-in-the-us-territories/#:~:text=Puerto%20Rico%20sees%20some%20of,gun%20deaths%20are%20gun%20homicides.)

Vazquez is charged with firearms trafficking, and conspiracy to do same, in violation of 18 U.S.C. § 933. The bulk of Vazquez's gun deals occurred brazenly, in public places, with his co-conspirators carrying trunks full of firearms, many of which could be easily concealed.



On April 18, 2024, Agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives, executed a Search Warrant at Vazquez's residence.  Inside they found multiple firearms, stockpiles of ammunition, and grenades:







## LEGAL STANDARD

Under the Bail Reform Act, 18 U.S.C. § 3141 et seq., federal courts are empowered to order a defendant's detention pending trial upon a determination that the defendant is either a danger to the community or a risk of flight.  18 U.S.C. § 3142(e).  A finding of dangerousness must be supported by clear and convincing evidence and risk of flight must be proven by a preponderance of the evidence. *United States v. Medina,* 775 F.2d 1398 (11th Cir. 1985).

## ARGUMENT

The United States more than meets its burden of showing by clear and convincing evidence that Vazquez poses a danger to the community, because he trafficked over 100 dangerous guns.  Moreover, the overwhelming evidence gathered during the investigation, coupled with the high penalties Vazquez faces, gives him a strong incentive to flee and to obstruct justice.  Accordingly, the government can likewise show by a preponderance of the evidence that Vazquez poses a flight risk.

A. Vazquez Poses a Serious Danger to the Community

Vazquez should be detained pending trial because he poses a serious danger to the community.  "Dangerousness, as used in the Bail Reform Act, has a much broader construction than might be commonly understood in everyday parlance" and embraces "the danger that the defendant might engage in criminal activity to the detriment of the community."  *United States v. King,* 849 F.2d 485, n.2 (11th Cir. 1988) (internal alterations, citations omitted).  The evidence shows that Vazquez has ready access to a stream of guns, and a willingness to traffic those guns for profit.

Vazquez conspired to flood our community's streets with lethal, easily concealed, and in some instances automatic guns.  The way in which Vazquez and his co-conspirators sold the guns also endangered our community, the defendants engaged in these sales at public places with heavy traffic.  Some of these sales occurred in broad daylight, demonstrating Vazquez's brazenness.  Furthermore, in text messages to a co-conspirator, Vazquez alluded to committing murder stating that he "[j]ust took some one [sic] off this earth."

B. <u>Vazquez Poses a Flight Risk</u>

Vazquez should also be detained pending trial because he is a flight risk.  First, Vazquez faces significant punishment. He is charged with firearms trafficking offenses that carry a term of imprisonment up to 15 years.  See 18 U.S.C. § 933(b).  The likelihood of a lengthy term of imprisonment gives Vazquez a strong incentive to flee.

The weight of the evidence heightens the incentive to flee.  The evidence of Vazquez's involvement in the alleged conduct is overwhelming.  The evidence includes text and telephone records showing communications among the coconspirators around the times of the buys, location evidence showing conspirators whereabouts at particular times, in-person surveillance, and physical evidence including firearms and ammunition.  Furthermore, Vazquez's own communications provide evidence of propensity to flee.  For example, in connection with a purported murder, Vazquez told a co-conspirator that he "ran away to Miami" because "shit got really bad."

## <u>CONCLUSION</u>

For the foregoing reasons, the government respectfully requests that the Court detain Vazquez pending trial.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:    <u>/s/ *Noah P. Dorman*</u>
Noah P. Dorman
Assistant United States Attorney
USA No. 223
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:  (407) 648-7500
Facsimile:   (407) 648-7643
E-mail: noah.dorman@usdoj.gov

**U.S. v. Ernesto Vazquez**                    **Case No. 6:24-cr-100-CEM-DCI**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 19, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to defense counsel to be appointed.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:    /s/ *Noah P. Dorman*
       Noah P. Dorman
       Assistant United States Attorney
       USA No. 223
       400 W. Washington Street, Suite 3100
       Orlando, Florida 32801
       Telephone:   (407) 648-7500
       Facsimile:    (407) 648-7643
       E-mail: noah.dorman@usdoj.gov

8