UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 6:24-cr-100-CEM-DCI
   18 U.S.C. § 933(a)
   18 U.S.C. § 922(a)(1)(A)
   18 U.S.C. § 922(d)(10)

ERNESTO VAZQUEZ
DERICK YAMIR PEREZ DIAZ
MATTHEW L. STEPHEN EASTON

**SUPERSEDING INDICTMENT**

The Grand Jury charges:

**COUNT ONE**
**(Conspiracy to Traffic Firearms)**

**A. Introduction**

At times material to this Indictment:

1. ERNESTO VAZQUEZ was a firearms trafficker operating in the Middle District of Florida and elsewhere. As set forth below, as part of his illicit activities, VAZQUEZ conspired with a network of associates, including DERICK YAMIR PEREZ DIAZ and others, to acquire more than 100 firearms and machine gun conversion devices ("MCDs"), to be delivered to other persons in the Middle District of Florida and elsewhere.

2. During the course of the conspiracy, VAZQUEZ procured firearms and MCDs from sources in the Middle District of Florida and elsewhere, including from unlicensed dealers of firearms, such as PEREZ DIAZ, federal firearm licensees

("FFLs"), such as MATTHEW L. STEPHEN EASTON, and Chinese manufacturers of MCDs.

3. PEREZ DIAZ was a firearms trafficker and unlicensed firearms dealer operating in the Middle District of Florida and elsewhere. As set forth below, PEREZ DIAZ distributed firearms to VAZQUEZ and others, including Glock pistols, Draco pistols, and MCDs. From October 2023 to December 2023, PEREZ DIAZ sold at least 92 such firearms to VAZQUEZ and others.

4. EASTON was an FFL operating in the Middle District of Florida and elsewhere. EASTON held an active Type 7 manufacturer of firearms license and an active Type 8 importer of firearms license, under the business name MIA Arsenal, LLC. EASTON supplied large quantities of firearms, many of the same make, model, and caliber, to PEREZ DIAZ and others. Between June 2023 and December 2023, EASTON sold over 100 firearms to PEREZ DIAZ, knowing that PEREZ DIAZ was not the true buyer of the firearms, and that PEREZ DIAZ was engaged in the business of dealing firearms without a license.

### B. The Conspiracy

5. Beginning at a time unknown to the Grand Jury, but beginning at least by in or about October 2023, and continuing through in or about December 2023, in the Middle District of Florida, and elsewhere the defendants,

ERNESTO VAZQUEZ,
DERICK YAMIR PEREZ DIAZ,
and
MATTHEW L. STEPHEN EASTON,

did knowingly conspire and agree with others known and unknown, to ship, transport, transfer, cause to be transported, and otherwise dispose of any firearm to another person, in or otherwise affecting interstate or foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony, and did receive from another person any firearm in or otherwise affecting interstate and foreign commerce, and did so knowing and having reasonable cause to believe that such receipt would constitute a felony, as defined in 18 U.S.C. § 932(a).

### C. **Manner and Means of the Conspiracy**

6. The manner and means by which the members of the conspiracy sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

a. It was part and object of the conspiracy that the defendants, ERNESTO VAZQUEZ, DERICK YAMIR PEREZ DIAZ, MATTHEW L. STEPHEN EASTON, and others, would and did ship, transport, transfer, cause to be transported, and otherwise dispose of a firearm to another person in or otherwise affecting interstate and foreign commerce, and did so knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony as defined in 18 U.S.C. § 932(a).

b. It was part and object of the conspiracy that the defendants, ERNESTO VAZQUEZ and DERICK YAMIR PEREZ DIAZ, and others, would and did receive from another person any firearm in or otherwise affecting interstate and

3

foreign commerce, and did so knowing and having reasonable cause to believe that such receipt would constitute a felony as defined in 18 U.S.C. § 932(a).

c. It was further part and object of the conspiracy that VAZQUEZ, would and did provide funds and instructions to PEREZ DIAZ to facilitate the conspiracy.

d. It was further part and object of the conspiracy that VAZQUEZ would and did order large quantities of firearms and MCDs from PEREZ DIAZ.

e. It was further part and object of the conspiracy that VAZQUEZ would and did provide funds to PEREZ DIAZ in advance to purchase the firearms and MCDs.

f. It was further part and object of the conspiracy that, after receiving gun orders from VAZQUEZ, PEREZ DIAZ would and did purchase large quantities of firearms and MCDs from EASTON, Chinese manufacturers, and others, using funds provided by VAZQUEZ.

g. It was further part and object of the conspiracy that, when purchasing firearms from FFLs such as EASTON, PEREZ DIAZ would and did complete ATF Form 4473s and make false representations on the forms. PEREZ DIAZ would falsely certify that he was the true buyer of the firearms, when in truth, PEREZ DIAZ intended to immediately transfer the firearms to VAZQUEZ and others in furtherance of the conspiracy. When PEREZ DIAZ obtained firearms and MCDs from a Chinese manufacturer, private seller, or unlicensed dealer —there would be no background check conducted and no ATF Form 4473 completed.

4

h. It was further part and object of the conspiracy that, once the firearms and MCDs were acquired by PEREZ DIAZ, he would and did transfer the firearms and MCDs to VAZQUEZ.

i. It was further part and object of the conspiracy that, once the firearms were acquired by VAZQUEZ, he would and did deliver them to co-conspirators operating in the Middle District of Florida and elsewhere.

All in violation of 18 U.S.C. § 933(a)(3).

## COUNT TWO
### (Firearms Trafficking)

7. The allegations contained in Count One of this indictment are hereby realleged and incorporated herein by reference.

8. On or about November 12, 2023, in the Middle District of Florida, the defendants,

ERNESTO VAZQUEZ,
DERICK YAMIR PEREZ DIAZ,
and
MATTHEW L. STEPHEN EASTON,

did knowingly ship, transport, transfer, cause to be transported, and otherwise dispose of any firearm to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, or possession of a firearm by the recipient would constitute a felony, to wit, Dealing in Firearms Without a License, in violation of 18 U.S.C. § 922(a)(1)(A).

All in violation of 18 U.S.C. § 933(a)(1).

## COUNT THREE
### (Firearms Trafficking)

9. The allegations contained in Count One of this indictment are hereby realleged and incorporated herein by reference.

10. On or about November 14, 2023, in the Middle District of Florida, the defendants,

ERNESTO VAZQUEZ,
and
DERICK YAMIR PEREZ DIAZ,

did knowingly receive from another person any firearm in and affecting interstate and foreign commerce, to wit, a machine gun conversion device, knowing and having reasonable cause to believe that such receipt would constitute a felony, to wit, Possession of a Machine Gun, in violation of 18 U.S.C. § 922(o).

All in violation of 18 U.S.C. § 933(a)(2).

## COUNT FOUR
### (Dealing in Firearms Without a License)

11. The allegations contained in Count One of this indictment are hereby realleged and incorporated herein by reference.

12. Beginning at a time unknown to the Grand Jury, but beginning no later than in or about October 2023, and continuing through in or about December 2023, in the Middle District of Florida and elsewhere, the defendant,

DERICK YAMIR PEREZ DIAZ,

not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms.

In violation of 18 U.S.C. § 922(a)(1)(A).

## COUNTS FIVE THROUGH SEVEN
(Transferring Firearms)

13. The allegations contained in Count One of this indictment are hereby realleged and incorporated herein by reference.

14. On or about the dates set forth below, in the Middle District of Florida, the defendant,

MATTHEW L. STEPHEN EASTON,

did knowingly sell and dispose of the following firearms to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that such person intended to sell and otherwise dispose of the firearm in furtherance of a felony, to wit, Dealing in Firearms Without a License, in violation of 18 U.S.C. § 922(a)(1)(A).

| Count | Date | Firearms |
|---|---|---|
| Five | October 30, 2023 | 12 Glock Model 17 9mm caliber handguns |
| Six | November 12, 2023 | 15 Glock Model 17 9mm caliber handguns<br>10 Glock Model 26 9mm caliber handguns |
| Seven | November 21, 2023 | 35 Glock Model 17 9mm caliber handguns<br>5 Glock Model 26 9mm caliber handguns |

All in violation of 18 U.S.C. § 922(d)(10).

# FORFEITURE

1. The allegations contained in Counts One through Seven are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. §§ 924(d), 934(a)(1), and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. §§ 922 and 933, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violations.

3. Upon conviction of a violation of 18 U.S.C. § 933, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 934(a)(1)(A), any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation, and, pursuant to 18 U.S.C. § 934(a)(1)(B), any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

4. The property to be forfeited includes, but is not limited to, the following firearms, seized on November 3, 2023:

    a. Glock; Model 17; 9mm caliber pistol with S/N: ACBL962;

    b. Glock; Model 17; 9mm caliber pistol with S/N: XMX456;

    c. Glock; Model 17; 9mm caliber pistol with S/N: BEAN634;

    d. Glock; Model 17; 9mm caliber pistol with S/N: BERK636;

    e. Glock; Model 17; 9mm caliber pistol with S/N: BGYN101;

    f. Glock; Model 17; 9mm caliber pistol with S/N: BHAU093;

    g. Glock; Model 17; 9mm caliber pistol with S/N: BHBK658; and

h.  Glock; Model 17; 9mm caliber pistol with S/N: XMU770.

5. If any of the property described above, as a result of any act or omission of the defendants:

- a. cannot be located upon the exercise of due diligence;
- b. has been transferred or sold to, or deposited with, a third party;
- c. has been placed beyond the jurisdiction of the court;
- d. has been substantially diminished in value; or
- e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

Foreperson

ROGER B. HANDBERG
United States Attorney

By: Noah P. Dorman
Assistant United States Attorney

By: Michael P. Felicetta
Assistant United States Attorney
Chief, Orlando Division

9

FORM OBD-34
August 24

No. 6:24-cr-100-CEM-DCI

# UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

ERNESTO VAZQUEZ
DERICK YAMIR PEREZ DIAZ
MATTHEW L. STEPHEN EASTON

## SUPERSEDING INDICTMENT

Violations: 18 U.S.C. § 933(a)
18 U.S.C. § 922(a)(1)(A)
18 U.S.C. § 922(d)(10)

A true bill, ███████████

_____
Foreperson

Filed in open court this 21st day of August, 2024.

_____
Clerk

Bail $_____