AF Approval _*NMA*_                    Chief Approval _*MPF*_

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

     v.                              CASE NO. 6:24-cr-100-CEM-DCI

MATTHEW L. STEPHEN EASTON

**PLEA AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

Roger B. Handberg, United States Attorney for the Middle District of Florida,

and the defendant, MATTHEW L. STEPHEN EASTON and the attorney for

the defendant, Kyle Macomber, mutually agree as follows:

A.    **Particularized Terms**

    1.    <u>Count Pleading To</u>

        The defendant shall enter a plea of guilty to Count Two of the

Superseding Indictment.  Count Two charges the defendant with Firearms

Trafficking in violation of 18 U.S.C. § 933(a)(1).

    2.    <u>Maximum Penalties</u>

        Count Two carries a maximum sentence of 15 years

imprisonment, a fine of $250,000, a term of supervised release of three years,

and a special assessment of $100.  With respect to certain offenses, the Court

shall order the defendant to make restitution to any victim of the offense(s),

and with respect to other offenses, the Court may order the defendant to make

Defendant's Initials _MP_

restitution to any victim of the offense(s), or to the community, as set forth below.

3.   Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count Two are:

First:   That the defendant knowingly shipped, transported, transferred, caused to be transported or disposed of a firearm to another person;

Second:   That the shipping, transporting, transferring, causing to be transported or disposition of the firearm was in or otherwise affecting interstate commerce; and

Third:   That the defendant knew or had reasonable cause to believe that the use, carrying or possession of the firearm by the other person/recipient would constitute a felony, namely, Dealing in Firearms Without a License.

4.   Counts Dismissed

At the time of sentencing, the remaining count(s) against the defendant, Counts One, Five, Six, and Seven, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5.   No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the

Defendant's Initials _ME_                    2

United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6.    Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

7.    Acceptance of Responsibility - Two Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Defendant's Initials _ME_                    3

8.    <u>Forfeiture of Assets</u>

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 934(a)(1)(A)-(B), whether in the possession or control of the United States, the defendant or defendant's nominees.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

Defendant's Initials _ME_                 4

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant further agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to,

Defendant's Initials _____        5

the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed forfeiture amount, is collected in full.

9.   Abandonment of Property

The defendant acknowledges that he has an ownership interest in the following items of property that are in the lawful custody of the United States:

a.   Anderson Manufacturing, AM-15, multiple caliber machinegun frame, serial number: 21461183;

b.   MIA Arsenal, LLC, model MIA Sten MKII, 9mm machinegun frame, serial number: 7877;

c.   Taurus, PT111 G2A 9 caliber pistol, serial number: ABB295683;

d.   Taurus, PT111 G2A 9 caliber pistol, serial number: ACC611782;

e.   Taurus, PT111 G2A 9 caliber pistol, serial number: ADL936204;

f.   Taurus, PT111 G2A 9 caliber pistol, serial number: AAM158446;

g.   Taurus, PT111 G2A 9 caliber pistol, serial number: ACN737649;

h.   Glock, GMBH 19Gen5 9 caliber pistol, serial number: BSXP141;

i.   Glock, GMBH 19Gen5 9 caliber pistol, serial number: BWRV426;

j.   Glock, GMBH 45 9 caliber pistol, serial number: BSBH584;

k.   Glock, GMBH 26 9 caliber pistol, serial number: KPD771

l.   Glock, GMBH 19 9 caliber pistol, serial number: VFB123; and

Defendant's Initials _MB_            7

m.    Glock, GMBH 19Gen5 9 caliber pistol, serial number:

BXYF822.

The defendant understands that he has the right and opportunity to claim the listed property. The defendant hereby knowingly and voluntarily waives all right, title, and interest in the listed property. The defendant waives, releases, and withdraws any claim that the defendant has made with respect to the listed property, and waives and releases any claim that the defendant might otherwise have made to the listed property in the future.

The defendant consents to the vesting of title to the listed property to the United States Government, pursuant to Title 41, Code of Federal Regulations, Section 128-48.102-1. The defendant also consents to the destruction of the property, or other disposition of the property in accordance with law, and without further notice to the defendant.

The defendant waives any right the defendant might otherwise have had to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government might take, in its sole discretion, to carry out the abandonment, disposition, and/or destruction of the listed property. The defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment,

Defendant's Initials _MB_                    8

disposition, and destruction of the listed property, including any such claim for attorney's fees and litigation costs.

The defendant further agrees to hold the United States of America, its agents and employees, harmless from any claims whatsoever in connection with the seizure, abandonment, disposition, and destruction of the listed property.

**B.    Standard Terms and Conditions**

1.    <u>Restitution, Special Assessment and Fine</u>

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the

Defendant's Initials _MB_                    9

Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2. <u>Supervised Release</u>

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4. <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the

Defendant's Initials _MB_                10

background, character, and conduct of the defendant, to provide relevant

factual information, including the totality of the defendant's criminal activities,

if any, not limited to the count(s) to which defendant pleads, to respond to

comments made by the defendant or defendant's counsel, and to correct any

misstatements or inaccuracies.  The United States further reserves its right to

make any recommendations it deems appropriate regarding the disposition of

this case, subject to any limitations set forth herein, if any.

    5.    <u>Financial Disclosures</u>

        Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P.

32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United

States Attorney's Office within 30 days of execution of this agreement an

affidavit reflecting the defendant's financial condition.  The defendant

promises that his financial statement and disclosures will be complete,

accurate and truthful and will include all assets in which he has any interest or

over which the defendant exercises control, directly or indirectly, including

those held by a spouse, dependent, nominee or other third party.  The

defendant further agrees to execute any documents requested by the United

States needed to obtain from any third parties any records of assets owned by

the defendant, directly or through a nominee, and, by the execution of this

Plea Agreement, consents to the release of the defendant's tax returns for the

Defendant's Initials _____  11

previous five years. The defendant similarly agrees and authorizes the United

States Attorney's Office to provide to, and obtain from, the United States

Probation Office, the financial affidavit, any of the defendant's federal, state,

and local tax returns, bank records and any other financial information

concerning the defendant, for the purpose of making any recommendations to

the Court and for collecting any assessments, fines, restitution, or forfeiture

ordered by the Court. The defendant expressly authorizes the United States

Attorney's Office to obtain current credit reports in order to evaluate the

defendant's ability to satisfy any financial obligation imposed by the Court.

     6.   <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to

nor bound by this agreement. The Court may accept or reject the agreement,

or defer a decision until it has had an opportunity to consider the presentence

report prepared by the United States Probation Office. The defendant

understands and acknowledges that, although the parties are permitted to

make recommendations and present arguments to the Court, the sentence will

be determined solely by the Court, with the assistance of the United States

Probation Office. Defendant further understands and acknowledges that any

discussions between defendant or defendant's attorney and the attorney or

other agents for the government regarding any recommendations by the

Defendant's Initials _MF_                12

government are not binding on the Court and that, should any

recommendations be rejected, defendant will not be permitted to withdraw

defendant's plea pursuant to this plea agreement. The government expressly

reserves the right to support and defend any decision that the Court may make

with regard to the defendant's sentence, whether or not such decision is

consistent with the government's recommendations contained herein.

      7.    <u>Defendant's Waiver of Right to Appeal the Sentence</u>

          The defendant agrees that this Court has jurisdiction and

authority to impose any sentence up to the statutory maximum and expressly

waives the right to appeal defendant's sentence on any ground, including the

ground that the Court erred in determining the applicable guidelines range

pursuant to the United States Sentencing Guidelines, except (a) the ground

that the sentence exceeds the defendant's applicable guidelines range <u>as

determined by the Court</u> pursuant to the United States Sentencing Guidelines;

(b) the ground that the sentence exceeds the statutory maximum penalty; or (c)

the ground that the sentence violates the Eighth Amendment to the

Constitution; provided, however, that if the government exercises its right to

appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the

defendant is released from his waiver and may appeal the sentence as

authorized by 18 U.S.C. § 3742(a).

Defendant's Initials _MB_      13

8.    <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the

Office of the United States Attorney for the Middle District of Florida and

cannot bind other federal, state, or local prosecuting authorities, although this

office will bring defendant's cooperation, if any, to the attention of other

prosecuting officers or others, if requested.

9.    <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or

<u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this

cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this

agreement and is pleading guilty freely and voluntarily without reliance upon

any discussions between the attorney for the government and the defendant

and defendant's attorney and without promise of benefit of any kind (other

than the concessions contained herein), and without threats, force,

intimidation, or coercion of any kind.  The defendant further acknowledges

defendant's understanding of the nature of the offense or offenses to which

defendant is pleading guilty and the elements thereof, including the penalties

provided by law, and defendant's complete satisfaction with the representation

Defendant's Initials _____    14

and advice received from defendant's undersigned counsel (if any). The
defendant also understands that defendant has the right to plead not guilty or
to persist in that plea if it has already been made, and that defendant has the
right to be tried by a jury with the assistance of counsel, the right to confront
and cross-examine the witnesses against defendant, the right against
compulsory self-incrimination, and the right to compulsory process for the
attendance of witnesses to testify in defendant's defense; but, by pleading
guilty, defendant waives or gives up those rights and there will be no trial.
The defendant further understands that if defendant pleads guilty, the Court
may ask defendant questions about the offense or offenses to which defendant
pleaded, and if defendant answers those questions under oath, on the record,
and in the presence of counsel (if any), defendant's answers may later be used
against defendant in a prosecution for perjury or false statement. The
defendant also understands that defendant will be adjudicated guilty of the
offenses to which defendant has pleaded and, if any of such offenses are
felonies, may thereby be deprived of certain rights, such as the right to vote, to
hold public office, to serve on a jury, or to have possession of firearms.

    11.   <u>Factual Basis</u>

        Defendant is pleading guilty because defendant is in fact guilty.
The defendant certifies that defendant does hereby admit that the facts set

Defendant's Initials _MB_       15

forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12.    Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.    Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this ___9th___ day of January, 2025

ROGER B. HANDBERG
United States Attorney

MATTHEW L STEPHEN EASTON
Defendant

Noah P. Dorman
Assistant United States Attorney

Kyle D. Macomber
Attorney for Defendant

for    Michael P. Felicetta
Assistant United States Attorney
Chief, Orlando Division

Defendant's Initials ___NE___                16

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 6:24-cr-100-CEM-DCI

MATTHEW L. STEPHEN EASTON

PERSONALIZATION OF ELEMENTS

On or about November 12, 2023, in the Middle District of Florida,

First:      Did you knowingly ship, transport, transfer, cause to be
            transported or dispose of a firearm to another person?

Second:     Was the shipping, transporting, transferring, causing to be
            transported or disposition of the firearm in or otherwise
            affecting interstate commerce?

Third:      Did you know or have reasonable cause to believe that the
            use, carrying or possession of the firearm by the other
            person/recipient would constitute a felony, namely,
            Dealing in Firearms Without a License?

Defendant's Initials _____                17

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 6:24-cr-100-CEM-DCI

MATTHEW L. STEPHEN EASTON

FACTUAL BASIS

Beginning at a time unknown but no later than June 2023, and continuing through in or about December 2023, MATTHEW L. STEPHEN EASTON was a federally licensed firearms dealer operating in the Middle District of Florida and elsewhere.  EASTON held an active Type 7 manufacturer of firearms license (FFL #1-59-001-07-4E-54687) and an active Type 8 importer of firearms license (FFL # 1-59-001-08-6F-53092), under the business name "MIA Arsenal, LLC."

Between October 2023 and December 2023, EASTON conspired with DERICK YAMIR PEREZ-DIAZ and others to traffic firearms in the Middle District of Florida and elsewhere.  EASTON sold PEREZ DIAZ large quantities of firearms, many of the same make, model, and caliber, knowing and having reasonable cause to believe that the use of the firearms by PEREZ DIAZ would constitute a felony, to wit, Dealing in Firearms Without a License, in violation of 18 U.S.C. § 922(a)(l)(A).  In statements to an

Defendant's Initials _MB_                18

undercover ATF agent, EASTON, referring to PEREZ DIAZ and others, claimed he sold more than 100 Glocks and 20 AK rifles to a group of Puerto Ricans in Orlando, Florida. EASTON stated he believed they were taking the firearms further south to resell. EASTON also stated one of the individuals was arrested and ATF called him to trace eight of the firearms.

From October 2023 to December 2023, EASTON sold at least 107 firearms to PEREZ DIAZ. The vast majority of the firearms EASTON sold to PEREZ DIAZ were Glock 9mm handguns, manufactured exclusively in Deutsch-Wagram, Austria, Ferlach, Austria, Bratislava, Slovakia, and Smryna, Georgia. EASTON was aware that PEREZ DIAZ did not have a federal firearms license ("FFL") and stated to ATF agents that he was trying to show PEREZ DIAZ how to obtain an FFL.

Operating at the direction of ERNESTO VAZQUEZ and others, PEREZ-DIAZ would order large quantities of firearms from EASTON. After EASTON confirmed the order, and using funds obtained from VAZQUEZ, PEREZ-DIAZ meet with EASTON and purchase the firearms. After purchasing the firearms from EASTON, PEREZ-DIAZ would deliver the firearms to VAZQUEZ and others. On multiple occasions, PEREZ DIAZ made clear to EASTON that he was not the true buyer of the firearms. For example:

Defendant's Initials _____    19

**October 30, 2023, Transaction**

On October 30, 2023, at PEREZ-DIAZ contacted VAZQUEZ informing him that EASTON had a total of 12 Glock 17s for sale. VAZQUEZ responded that he will "grab all of them" and they agree on a price of $6600.

| | | |
|---|---|---|
| (689) 226-6716 (10/30/2023 09:27:00) | PEREZ-DIAZ | Bro my guy has another 11-17s gen 4 |
| (689) 226-6716 (10/30/2023 09:27:07) | PEREZ-DIAZ | 1-17 gen5 |
| (860) 833-5396 (10/30/2023 09:27:17) | Ernesto Vasquez | I'll grab all of them |
| (860) 833-5396 (10/30/2023 09:28:46) | Ernesto Vasquez | 6,600? |
| (689) 226-6716 (10/30/2023 09:29:11) | PEREZ-DIAZ | The gen 5 is 675 |
| (860) 833-5396 (10/30/2023 09:29:28) | Ernesto Vasquez | That's fine bro |

PEREZ DIAZ then confirmed the purchase with EASTON and PEREZ DIAZ informed EASTON that he is not purchasing the firearms for himself and that he "needs to call his guy to double check with him." PEREZ DIAZ further indicates that he is not paying for the firearms with his own funds and states "he's bringing me the rest of the cash[.]"

| | | | |
|---|---|---|---|
| 10/30/2023 | 9:28:18 | (689) 226-6716 | YAMIR PEREZ DIAZ | I'll take them all 17s |
| 10/30/2023 | 9:28:54 | (689) 226-6716 | YAMIR PEREZ DIAZ | Let me call my guy to double check with him |
| 10/30/2023 | 9:31:46 | (352) 538-6077 | MATTHEW EASTON | kk awesome |
| 10/30/2023 | 9:33:01 | (689) 226-6716 | YAMIR PEREZ DIAZ | Quick question you haven't find any with out signing? |
| 10/30/2023 | 9:39:31 | (352) 538-6077 | MATTHEW EASTON | nah.. its all different brands |
| 10/30/2023 | 9:40:39 | (352) 538-6077 | MATTHEW EASTON | like springfield and stuff. all the glocks, well most I have to get on paper |
| 10/30/2023 | 10:01:48 | (689) 226-6716 | YAMIR PEREZ DIAZ | Hey men I'm just waiting for my guy to confirm all 12 you think you can hold them for me at least in the next hour or 2 |
| 10/30/2023 | 10:03:14 | (352) 538-6077 | MATTHEW EASTON | def man. will you be able to get cash in advance on these ? |
| 10/30/2023 | 10:03:50 | (689) 226-6716 | YAMIR PEREZ DIAZ | Yea I'm trying to buy them all at once with out getting loan this time |
| 10/30/2023 | 10:11:22 | (352) 538-6077 | MATTHEW EASTON | cool cool. I just dont like it all in the bank lol |
| 10/30/2023 | 10:34:52 | (689) 226-6716 | YAMIR PEREZ DIAZ | Yep he confirmed he's bringing me the rest of the cash |
| 10/30/2023 | 10:35:37 | (352) 538-6077 | MATTHEW EASTON | excellent. pickup today ? |
| 10/30/2023 | 10:55:34 | (689) 226-6716 | YAMIR PEREZ DIAZ | Yes |
| 10/30/2023 | 11:01:23 | (689) 226-6716 | YAMIR PEREZ DIAZ | You think you can meet at the same spot as last time? |
| 10/30/2023 | 11:20:31 | (352) 538-6077 | MATTHEW EASTON | ya thats cool |

Defendant's Initials _MB_            20

At 12:15PM PEREZ DIAZ and EASTON agree to meet at 4410 SR-

326 E, Ocala, Florida 34482 to transfer the firearms.  PEREZ-DIAZ arrives at

3:08PM.

| 10/30/2023 | 12:15:48 | (689) 226-6716 | YAMIR PEREZ-DIAZ | Could you meet at Ocala tho ?? |
| 10/30/2023 | 12:16:35 | (352)538-6077 | MATTHEW EASTON | 4410 SR-326 E<br>Ocala, FL 34482<br>United States |
| 10/30/2023 | 12:17:32 | (352)538-6077 | MATTHEW EASTON | hows that |
| 10/30/2023 | 12:48:26 | (689) 226-6716 | YAMIR PEREZ-DIAZ | I'm 1hour and 23min |
| 10/30/2023 | 12:49:16 | (352)538-6077 | MATTHEW EASTON | word. u on the way ?? |
| 10/30/2023 | 12:50:10 | (689) 226-6716 | YAMIR PEREZ-DIAZ | I'm 20min from this guy and then I'll start heading<br>over |
| 10/30/2023 | 12:50:15 | (352)538-6077 | MATTHEW EASTON | kk cool |
| 10/30/2023 | 13:26:47 | (689) 226-6716 | YAMIR PEREZ-DIAZ | On my way |
| 10/30/2023 | 14:33:05 | (352)538-6077 | MATTHEW EASTON | says 3:02. ill b there |
| 10/30/2023 | 14:39:35 | (689) 226-6716 | YAMIR PEREZ-DIAZ | Sounds good I'm 30min |
| 10/30/2023 | 15:00:38 | (689) 226-6716 | YAMIR PEREZ-DIAZ | 10mins away |
| 10/30/2023 | 15:01:10 | (352)538-6077 | MATTHEW EASTON | kk. pullin up |
| 10/30/2023 | 15:08:35 | (689) 226-6716 | YAMIR PEREZ-DIAZ | It's the loves correct? |

Thereafter, EASTON sold the following firearms to PEREZ DIAZ:

1.  Glock; Model 17; 9mm caliber pistol with S/N: XMU770
2.  Glock; Model 17; 9mm caliber pistol with S/N: ACBL962
3.  Glock; Model 17; 9mm caliber pistol with S/N: XMX456
4.  Glock; Model 1; 9mm caliber pistol with S/N: BUXV817
5.  Glock; Model 17; 9mm caliber pistol with S/N: BEAN634
6.  Glock; Model 17; 9mm caliber pistol with S/N: BEAX957
7.  Glock; Model 17; 9mm caliber pistol with S/N: BERH882
8.  Glock; Model 17; 9mm caliber pistol with S/N: BERK636
9.  Glock; Model 17; 9mm caliber pistol with S/N: BFZV303
10. Glock; Model 17; 9mm caliber pistol with S/N: BGYN101
11. Glock; Model 17; 9mm caliber pistol with S/N: BHAU093
12. Glock; Model 17; 9mm caliber pistol with S/N: BHBK658

## November 12, 2023 Transaction

On November 12, 2023, from approximately 12:00PM to

5:00PM VAZQUEZ and PEREZ DIAZ had several brief phone

Defendant's Initials _MP_              21

conversations.  In the preceding days VAZQUEZ and PEREZ DIAZ had

discussed purchasing 25-40 Glocks from EASTON.

At approximately 4:55PM PEREZ DIAZ texts EASTON that he is

about to head to 4410 SR-326 E, Ocala, FL 33482, and confirms an order of

25 Glocks.  Notably, PEREZ DIAZ orders 25 "for now" because VAZQUEZ

hasn't answered him about additional firearms.

| 11/12/2023 | 16:55:09 | NATIVE MESSAGES | DERRICK PEREZ DIAZ | (689) 226-6716 | Hey boss I'm about to head over there in a few |
| 11/12/2023 | 16:55:41 | NATIVE MESSAGES | MATTHEW EASTON | (352) 538-6077 | excellent man. thanks a lot, where u heading? |
| 11/12/2023 | 16:55:48 | NATIVE MESSAGES | DERRICK PEREZ DIAZ | (689) 226-6716 | 4410 SR-326 E Ocala, FL 34482 United States |
| 11/12/2023 | 16:55:51 | NATIVE MESSAGES | DERRICK PEREZ DIAZ | (689) 226-6716 | Here? |
| 11/12/2023 | 16:56:27 | NATIVE MESSAGES | MATTHEW EASTON | (352) 538-6077 | alright cool |
| 11/12/2023 | 17:18:54 | NATIVE MESSAGES | MATTHEW EASTON | (352) 538-6077 | gotta eta? |
| 11/12/2023 | 17:46:51 | NATIVE MESSAGES | MATTHEW EASTON | (352) 538-6077 | was it the 25 or the extra 5 aswell |
| 11/12/2023 | 17:47:31 | NATIVE MESSAGES | DERRICK PEREZ DIAZ | (689) 226-6716 | The 25 for now cuz he haven't answers me about the extra ones |
| 11/12/2023 | 17:47:40 | NATIVE MESSAGES | MATTHEW EASTON | (352) 538-6077 | kk |

PEREZ-DIAZ then met with EASTON at 4410 SR-326 Ocala, FL 34482

around 8:00 pm.  EASTON sold the following firearms to PEREZ DIAZ:

1.  Glock; Model 17; 9mm caliber pistol with S/N: WZN346
2.  Glock; Model 17; 9mm caliber pistol with S/N: BDKR943
3.  Glock; Model 17; 9mm caliber pistol with S/N: BDKR983
4.  Glock; Model 17; 9mm caliber pistol with S/N: BDKR954
5.  Glock; Model 17; 9mm caliber pistol with S/N: BDKR951
6.  Glock; Model 17; 9mm caliber pistol with S/N: BDKR969
7.  Glock; Model 17; 9mm caliber pistol with S/N: BDKR966
8.  Glock; Model 17; 9mm caliber pistol with S/N: WZN335
9.  Glock; Model 17; 9mm caliber pistol with S/N: BCHD442
10. Glock; Model 17; 9mm caliber pistol with S/N: BDKR974
11. Glock; Model 17; 9mm caliber pistol with S/N: WZN341
12. Glock; Model 17; 9mm caliber pistol with S/N: BCHK757
13. Glock; Model 17; 9mm caliber pistol with S/N: WZN344
14. Glock; Model 17; 9mm caliber pistol with S/N: BDFW557
15. Glock; Model 17; 9mm caliber pistol with S/N: BDKR937
16. Glock; Model 26; 9mm caliber pistol with S/N: BCLM707

17. Glock; Model 26; 9mm caliber pistol with S/N: BCLM709
18. Glock; Model 26; 9mm caliber pistol with S/N: BCLM711
19. Glock; Model 26; 9mm caliber pistol with S/N: BCLM714
20. Glock; Model 26; 9mm caliber pistol with S/N: BCYB775
21. Glock; Model 26; 9mm caliber pistol with S/N: BCYB777
22. Glock; Model 26; 9mm caliber pistol with S/N: TMR899
23. Glock; Model 26; 9mm caliber pistol with S/N: BCYB774
24. Glock; Model 26; 9mm caliber pistol with S/N: TMR896
25. Glock; Model 26; 9mm caliber pistol with S/N: BCLM713

## November 21, 2023 Transaction

On November 20, 2023, VAZQUEZ texted PEREZ DIAZ that "he should be good today." PEREZ DIAZ responds "it's going to be all 40 glocks?" VAZQUEZ confirms "all of it" and directs PEREZ DIAZ to "lock it in."

PEREZ DIAZ then texts EASTON and states he will have the money for all 40 Glocks at 5PM tomorrow. Text messages indicate he sent EASTON a deposit of $2500.

| | | | | |
|---|---|---|---|---|
| 11/20/2023 | 20:24:17 | (689) 226-6716 | DERRICK PEREZ DIAZ | I can meet you after 5pm tomorrow if that's okay with you I will have the $$ complete for all 40 |
| 11/20/2023 | 20:25:33 | (689) 226-6716 | DERRICK PEREZ DIAZ | It's been rough lately but we back in motion and I apologize I have you stuck with all those Glocks bro |
| 11/20/2023 | 20:25:57 | (689) 226-6716 | DERRICK PEREZ DIAZ | Call me when you can |
| 11/20/2023 | 20:51:37 | (689) 226-6716 | DERRICK PEREZ DIAZ | Same Zelle? |
| 11/20/2023 | 20:52:36 | (352) 538-6077 | MATTHEW EASTON | ya thats good m8 |

At approximately 4:00PM, PEREZ DIAZ texted EASTON that he was on the way to pick up the firearms. PEREZ DIAZ arrives at 5615 SE US Highway 301 Hawthorne, FL 32640 at approximately 9:49PM.

Defendant's Initials _ME_                23

| 11/21/2023 | 19:44:44 | (352) 538-6077 | MATTHEW EASTON | 5615 SE US Highway 301 Hawthorne, FL 32640 United States |
| 11/21/2023 | 19:45:11 | (352) 538-6077 | MATTHEW EASTON | how bout this one - I gotta go back and get my truck and then get back to hawthorne. I shold be there by the time u get there |
| 11/21/2023 | 19:45:42 | (689) 226-6716 | DERRICK PEREZ DIAZ | 0.059722222 |
| 11/21/2023 | 19:45:43 | (352) 538-6077 | MATTHEW EASTON | gonna take me an hour and a half. my truck in strske |
| 11/21/2023 | 19:46:08 | (689) 226-6716 | DERRICK PEREZ DIAZ | Yea we get there at the same time |
| 11/21/2023 | 19:46:18 | (352) 538-6077 | MATTHEW EASTON | heck ya m8. sounds good! |
| 11/21/2023 | 21:26:32 | (352) 538-6077 | MATTHEW EASTON | alright bro. im out infront of mcdonalds here |
| 11/21/2023 | 21:28:55 | (689) 226-6716 | DERRICK PEREZ DIAZ | 20min out I had stopped to get a bathroom break and gas |
| 11/21/2023 | 21:29:01 | (689) 226-6716 | DERRICK PEREZ DIAZ | Almost there boss |
| 11/21/2023 | 21:49:44 | (689) 226-6716 | DERRICK PEREZ DIAZ | 9mm away |
| 11/21/2023 | 21:53:44 | (352) 538-6077 | MATTHEW EASTON | rog |

EASTON then sold the following firearms to PEREZ DIAZ:

1. Glock; Model 26; 9mm caliber pistol with S/N: BCLM705
2. Glock; Model 26; 9mm caliber pistol with S/N: BCLM706
3. Glock; Model 26; 9mm caliber pistol with S/N: BCLM710
4. Glock; Model 26; 9mm caliber pistol with S/N: BCLM712
5. Glock; Model 26; 9mm caliber pistol with S/N: BCYB778
6. Glock; Model 17; 9mm caliber pistol with S/N: BGTT048
7. Glock; Model 17; 9mm caliber pistol with S/N: BDKR948
8. Glock; Model 17; 9mm caliber pistol with S/N: BDKR935
9. Glock; Model 17; 9mm caliber pistol with S/N: BDKR976
10. Glock; Model 17; 9mm caliber pistol with S/N: BCHD449
11. Glock; Model 17; 9mm caliber pistol with S/N: BGMU174
12. Glock; Model 17; 9mm caliber pistol with S/N: BCHK750
13. Glock; Model 17; 9mm caliber pistol with S/N: BCHD446
14. Glock; Model 17; 9mm caliber pistol with S/N: WZN340
15. Glock; Model 17; 9mm caliber pistol with S/N: BDFW560
16. Glock; Model 17; 9mm caliber pistol with S/N: BGTT045
17. Glock; Model 17; 9mm caliber pistol with S/N: BDFW566
18. Glock; Model 17; 9mm caliber pistol with S/N: BDKR982
19. Glock; Model 17; 9mm caliber pistol with S/N: BDKR450
20. Glock; Model 17; 9mm caliber pistol with S/N: BDKR949
21. Glock; Model 17; 9mm caliber pistol with S/N: TXR104
22. Glock; Model 17; 9mm caliber pistol with S/N: BFUR244
23. Glock; Model 17; 9mm caliber pistol with S/N: BDKR980
24. Glock; Model 17; 9mm caliber pistol with S/N: BDKR941
25. Glock; Model 17; 9mm caliber pistol with S/N: BDKR938
26. Glock; Model 17; 9mm caliber pistol with S/N: BDKR970
27. Glock; Model 17; 9mm caliber pistol with S/N: RSV617
28. Glock; Model 17; 9mm caliber pistol with S/N: WZN347
29. Glock; Model 17; 9mm caliber pistol with S/N: BDKR953

Defendant's Initials _ME_                    24

30. Glock; Model 17; 9mm caliber pistol with S/N: BCHK758
31. Glock; Model 17; 9mm caliber pistol with S/N: PSS595
32. Glock; Model 17; 9mm caliber pistol with S/N: BDFW561
33. Glock; Model 17; 9mm caliber pistol with S/N: WZN343
34. Glock; Model 17; 9mm caliber pistol with S/N: BCHD448
35. Glock; Model 17; 9mm caliber pistol with S/N: BDKR940
36. Glock; Model 17; 9mm caliber pistol with S/N: BDKR977
37. Glock; Model 17; 9mm caliber pistol with S/N: RSV614
38. Glock; Model 17; 9mm caliber pistol with S/N: BDKR942
39. Glock; Model 17; 9mm caliber pistol with S/N: BGTT046
40. Glock; Model 17; 9mm caliber pistol with S/N: BCHD440

## December 2023 Transactions

On December 2, 2023, EASTON sold the following firearms to PEREZ

DIAZ:

1. Century Arms, Model BFT 47, 7.62 caliber rifle with S/N:
   BFT4701843
2. Century Arms, Model BFT47, 7.62 caliber rifle with S/N:
   BFT4701884
3. Century Arms, Model WASR-10, 7.62 caliber rifle with S/N:
   ROA22B1-00091
4. Century Arms, Model RAS47, 7.62 caliber rifle with S/N:
   RAS47056888
5. Zastava, Model ZPAP M70, 7.62 caliber rifle with S/N: 270-093318

On December 9, 2023, EASTON sold the following firearms to PEREZ

DIAZ:

1. Century Arms, Model VSKA, 7.62 caliber rifle with S/N: SV7135229
2. Century Arms, Model VSKA, 7.62 caliber rifle with S/N: SV7141699
3. Century Arms, Model WASR-10, 7.62 caliber rifle with S/N: 22A1-
   93276
4. Palmetto State Armory, Model PSAK47, 7.62 caliber rifle with S/N:
   AKB049028
5. Pioneer Arms Corporation, Model Sporter, 7.62 caliber rifle with
   S/N: PAC23PL10862

6. Romarm/Cugir, Model Micro Draco, 7.62 caliber pistol with S/N: PMD11416-19RO
7. Romarm/Cugir, Model Draco, 7.62 caliber pistol with S/N: ROA21DG0205
8. Century Arms, Model VSKA, 7.62 caliber pistol with S/N: SV7P012792
9. Pioneer Arms Corporation, Model HELLPUP, 7.62 caliber pistol with S/N: PAC23PL19681
10. Pioneer Arms Corporation, Model HELLPUP, 7.62 caliber pistol with S/N: PAC23PL10387
11. Pioneer Arms Corporation, Model HELLPUP, 7.62 caliber pistol with S/N: PAC23PL10522

The above is merely a summary of some of the events, some of the persons involved, and other information relating to this case. It does not include, nor is it intended to include, all the events, persons involved, or other information relating to this case.

Defendant's Initials _____    26