IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

v.                                  CASE NO.:  6:24-CR-100-CEM/DCI

ERNESTO VAZQUEZ
DERICK YAMIR PEREZ DIAZ
MATTHEW L. STEPHEN EASTON

    Defendants.
_____/

**DEFENDANT EASTON'S MEMORANDUM OF LAW
RE: DOUBLE COUNTING**

    Defendant **MATTHEW L. STEPHEN EASTON** ("**EASTON**"), by and through undersigned counsel, respectfully submits this memorandum in aid of the double counting argument raised at sentencing.

**INTRODUCTION**

    The Defendant has objected adding 4 points to offense level computation for the Defendant's knowledge that the firearms would be used or possessed in connection with another felony offense to wit: Dealing in Firearms Without a License.  See ¶ 48 of the Final PSR filed herein.  (Doc. # 175).   The objection is based on the Final PSR also adding 5 points to offense level computation for the Defendant transporting, transferring, and/or selling at least 93 firearms to Co-defendant **PEREZ DIAZ** knowing or having reason to believe that Co-defendant

1

**PEREZ DIAZ** would use or dispose of the firearms unlawfully. It is the Defendant's position Dealing in Firearms Without a License clearly relates to the same harm set forth in ¶48. (See ¶ 47 of the Final PSR filed herein. (Doc. #175).

It is useful to review certain documents in the record. Those documents clearly support the fact that the conduct that ¶47 references is Dealing in Firearms Without a License which is the same conduct that ¶48 references. This adds 4 points raising the Defendant's offense level computation to 34 as opposed to 30.

In the Superseding Indictment filed herein on August 21, 2024, in ¶4, the indictment alleges that Defendant **EASTON** sold firearms to Co-defendant **PEREZ DIAZ** knowing that Co-defendant **PEREZ DIAZ** was engaged in the business of dealing firearms without a license.

In Count Two of the Superseding Indictment, which the Defendant pled to, the Defendant is charged with Firearms Trafficking, knowing that possession of the firearm by the recipient would constitute a felony, to wit: dealing in firearms without a license. In Counts Five through Seven of the Superseding Indictment, in ¶14 the Defendant was charged with Transferring Firearms to another person knowing that such person intended to sell or otherwise dispose of the firearm in furtherance of a felony, to wit: dealing in firearms without a license.

No other felony is named in the superseding indictment as it relates to the Defendant **EASTON** other that dealing in firearms without a license.

## STATEMENT OF THE CASE

A Federal Grand Jury returned a seven-count superseding indictment against the Defendants on August 21, 2024. (See Document 60). The crimes were committed between June 2023 and December 2023. Defendant **EASTON** was named as a Defendant in Counts One, Two and Five through Seven. The crimes for each of those counts are Conspiracy to Traffic Firearms, Firearms Trafficking and Transferring Firearms respectively.

Conspiracy to Traffic Firearms is defined under 18 U.S.C. § 933(a)(3) as the "attempt or conspire to commit the conduct described in paragraph (1) or (2)."

Firearms Trafficking is defined under 18 U.S.C. § 933(a)(1) as it being "unlawful for any person to ship, transport, transfer, cause to be transported, or otherwise dispose of any firearm to another person in or otherwise affecting interstate or foreign commerce, if such person knows or has reasonable cause to believe that the use, carrying, or possession of a firearm by the recipient would constitute a felony (as defined in section 932(a))"

Transferring Firearms is defined under 18 U.S.C. § 922(d)(10) as it being "unlawful for any person to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to

believe that such person, including as a juvenile" if that person "intends to sell or otherwise dispose of the firearm or ammunition in furtherance of a felony, a Federal crime of terrorism, or a drug trafficking offense (as such terms are defined in section 932(a))"

Inherent in all the above charges are that Defendant **EASTON** transferred/sold/disposed the firearms described in the superseding indictment in furtherance of another felony, i.e., dealing in firearms without a license which is in violation of 18 U.S.C. § 922(a)(1)(A).

The specific allegations concerning Defendant **EASTON** are contained in paragraphs 4, 6a, 6f, 6g 8 and 14 of the superseding indictment.

## HISTORICAL ANALYSIS

The 2021 version of USSG Section 2K2.1(b)(5)(C) and USSG Section 2K2.1(b)(6)(B) states:

> (5) If the defendant engaged in the trafficking of firearms, increase by 4 levels.
>
> (6) If the defendant— (A) possessed any firearm or ammunition while leaving or attempting to leave the United States, or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be transported out of the United States; or (B) used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels. If the resulting offense level is less than level 18, increase to level 18.

The 2021 version of the guidelines were amended November 1, 2023 (amendment 819); November 1, 2024 (amendment 828). It should noted that under this version of the guidelines, USSG Section 2K2.1(b)(5)(C) only carried a 4 level enhancement.

The 2023 version of USSG Section 2K2.1(b)(5)(C) and USSG Section 2K2.1(b)(6)(B) states:

(5)   (Apply the Greatest) If the defendant—

(A)   was convicted under 18 U.S.C. § 933(a)(2) or (a)(3), increase by **2** levels;

(B)   (i) transported, transferred, sold, or otherwise disposed of, or purchased or received with intent to transport, transfer, sell, or otherwise dispose of, a firearm or any ammunition knowing or having reason to believe that such conduct would result in the receipt of the firearm or ammunition by an individual who (I) was a prohibited person; or (II) intended to use or dispose of the firearm or ammunition unlawfully; (ii) attempted or conspired to commit the conduct described in clause (i); or (iii) received a firearm or any ammunition as a result of inducing the conduct described in clause (i), increase by **2** levels; or

(C)   (i) transported, transferred, sold, or otherwise disposed of, or purchased or received with intent to transport, transfer, sell, or otherwise dispose of, two or more firearms knowing or having reason to believe that such conduct would result in the receipt of the firearms by an individual who (I) had a prior conviction for a crime of violence, controlled substance offense, or misdemeanor crime of domestic violence; (II) was under a criminal justice sentence at the time of the offense; or (III) intended to use or dispose of the firearms unlawfully; (ii) attempted or conspired to commit the conduct described in clause (i); or (iii) received two or more firearms as a result of inducing the conduct described in clause (i), increase by **5** levels.

5

<u>Provided</u>, however, that subsection (b)(5)(C)(i)(I) shall not apply based upon the receipt or intended receipt of the firearms by an individual with a prior conviction for a misdemeanor crime of domestic violence against a person in a dating relationship if, at the time of the instant offense, such individual met the criteria set forth in the proviso of 18 U.S.C. § 921(a)(33)(C).

(6)     If the defendant—

(A)     possessed any firearm or ammunition while leaving or attempting to leave the United States, or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be transported out of the United States; or

(B)     used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense,

increase by **4** levels. If the resulting offense level is less than level **18**, increase to level **18**.

The 2024 version of USSG Section 2K2.1(b)(5)(C) and USSG Section 2K2.1(b)(6)(B) states:

5)     (Apply the Greatest) If the defendant—

(A)     was convicted under 18 U.S.C. § 933(a)(2) or (a)(3), increase by **2** levels;

(B)     (i) transported, transferred, sold, or otherwise disposed of, or purchased or received with intent to transport, transfer, sell, or otherwise dispose of, a firearm or any ammunition knowing or having reason to believe that such conduct would result in the receipt of the firearm or ammunition by an individual who (I) was a prohibited person; or (II) intended to use or dispose of the firearm or ammunition unlawfully; (ii) attempted or conspired to commit the conduct described in clause (i); or (iii) received a firearm or any

ammunition as a result of inducing the conduct described in clause (i), increase by **2** levels; or

(C)   (i) transported, transferred, sold, or otherwise disposed of, or purchased or received with intent to transport, transfer, sell, or otherwise dispose of, two or more firearms knowing or having reason to believe that such conduct would result in the receipt of the firearms by an individual who (I) had a prior conviction for a crime of violence, controlled substance offense, or misdemeanor crime of domestic violence; (II) was under a criminal justice sentence at the time of the offense; or (III) intended to use or dispose of the firearms unlawfully; (ii) attempted or conspired to commit the conduct described in clause (i); or (iii) received two or more firearms as a result of inducing the conduct described in clause (i), increase by **5** levels.

<u>Provided</u>, however, that subsection (b)(5)(C)(i)(I) shall not apply based upon the receipt or intended receipt of the firearms by an individual with a prior conviction for a misdemeanor crime of domestic violence against a person in a dating relationship if, at the time of the instant offense, such individual met the criteria set forth in the proviso of 18 U.S.C. § 921(a)(33)(C).

(6)   If the defendant—

(A)   possessed any firearm or ammunition while leaving or attempting to leave the United States, or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be transported out of the United States; or

(B)   used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense,

increase by **4** levels. If the resulting offense level is less than level **18**, increase to level **18**

A clear reading of the 2024 version of USSG Section 2K2.1(b)(5)(C) establishes that subsection 2K2.1(b)(5)(C)(i)(III) punishes a defendant for transferring firearms to someone who will dispose of the firearms in an unlawful way. In this matter, Defendant **EASTON** only transferred firearms to Defendant **PEREZ DIAZ** who subsequently transferred the firearms to Defendant **VAZQUEZ** and Defendant **PEREZ DIAZ** did not have a federal firearms license.

Regarding USSG Section 2K2.1(b)(6), it is clear that USSG Section 2K2.1(b)(6)(B) is applicable and not USSG Section 2K2.1(b)(6)(A) because Defendant **EASTON** only transferred firearms to Defendant **PEREZ DIAZ.**

The application of USSG Section 2K2.1(b)(5)(C)(i)(III) and USSG Section 2K2.1(b)(6)(B) in the instant matter would result in double counting or double punishment against the Defendant **EASTON**. "Impermissible double counting occurs only when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *U.S. v. Matos-Rodriguez*, 188 F.3d 1300, 1309 (11th Cir. 1999) (*quoting U.S. v. Alexander*, 48 F.3d 1477, 1492 (9th Cir. 1995)). 'Double counting a factor during sentencing is permitted if the Sentencing Commission . . . intended that result and each guideline section in question concerns conceptually separate notions relating to sentencing." *United*

8

*States v. Dudley*, 463 F.3d 1221, 1227 (11th Cir. 2006) (*quoting United States v. Stevenson*, 68 F.3d 1292, 1294 (11th Cir.1995)).

In *US v. Brake*, 904 F. 3d 97 (1st Cir. 2018), the defendant therein objected to enhancements the defendant believed to result in double counting. The First Circuit determined that even though the enhancements "derive from the same nucleus of operative facts" they "nonetheless respond to discrete concerns." *US v. Brake*, 904 F. 3d 97, 101 (1st Cir. 2018), (*quoting U.S. v. Fiume*, 708 F.3d 59, 61 (1st Cir. 2018)).

In *US v. Reilly*, D.C. Docket No. 8:18-cr-00474-VMC-TGW-2, No. 18-12600 (11th Cir. Jan. 23, 2019), the Eleventh Circuit focused on the fact that the defendant therein did not cite to any of the sentencing guidelines in which the enhancement was prohibited. Additionally, the Eleventh Circuit stated, "the enhancements punished separate conduct or served different purposes." Id. at 11. The separate notions to be punished were "furthering public safety and punishing the use of guns during drug crimes." Id. at 12.

In *US v. Dudley*, 463 F. 3d 1221, 1226-27 (11th Cir. 2006) the Eleventh Circuit Court of Appeals expanded on the idea of discrete concerns in the contact of double counting.

> Dudley's next argument regarding § 2A6.1(b)(4) is that it constitutes impermissible double counting because he also received an enhancement under U.S.S.G. § 3A1.2(b) that was based on the

9

victim's status as a judge. We review *de novo* a claim of double counting. *United States v. Perez,* 366 F.3d 1178, 1183 (11th Cir.2004). "Impermissible double counting occurs only when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *United States v. Matos-Rodriguez,* 188 F.3d 1300, 1309 (11th Cir.1999) (quotation marks and citation omitted). We presume that the Sentencing Commission intended separate guidelines sections to apply cumulatively, "unless specifically directed otherwise." *Id.* at 1310 (emphasis omitted). "Double counting a factor during sentencing is permitted if the Sentencing Commission . . . intended that result and each guideline section in question concerns conceptually separate notions relating to sentencing." *United States v. Stevenson,* 68 F.3d 1292, 1294 (11th Cir.1995).

Application of both enhancements in this case does not constitute impermissible double counting. The harm resulting from the victim's status as a judge who was threatened which is accounted for under § 3A1.2(b) differs from the harm resulting from the substantial disruption to government functions which is accounted for under § 2A6.1(b)(4). The enhancement resulting from Judge Abbot's professional status flows from the need to protect judges from threats. As Judge Abbot stated in her testimony: "The sanctity of the rule of law is what keeps our civilization intact. When judges are murdered and are threatened with violence, the fabric of our society is threatened. If people cannot come to courthouses and feel that the laws will be enforced in a safe and secure environment, our very freedoms are at great risk." The harm at which the § 2A6.1(b)(4) substantial disruption enhancement is aimed is conceptually distinct from the harm that Dudley's threat caused by preventing the judge from fulfilling her duties for a period of time and also by diverting other officials and officers from their other duties.

Additionally, USSG Section 1B1.3(a)(1) defines relevant conduct to be included at sentencing to be:

> (A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and
> (B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all acts and omissions of others that were—
> (i) within the scope of the jointly undertaken criminal activity,
> (ii) in furtherance of that criminal activity, and
> (iii) reasonably foreseeable in connection with that criminal activity;
>
> that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense;

In this matter, both enhancements undoubtedly arise from the same nucleus of facts, that the Defendant **EASTON** transferred, sold and/or disposed of firearms to Defendant **PEREZ DIAZ** which is a violation of 18 U.S.C. § 922(a)(1)(A) because Defendant **PEREZ DIAZ** immediately transferred the firearms to Defendant **VAZQUEZ**. The superseding indictment is very specific as to the conduct of Defendant **EASTON** in committing the instant charged offenses. There are no discrete concerns under the enhancements in USSG Section 2K2.1(b)(5)(C) and USSG Section 2K2.1(b)(6)(B) because both punish the same conduct, in that the recipient is going to engage in a future felony, which is Dealing in Firearms Without a License. There is not a separate harm or separate purposes for the enhancements under Sections 2K2.1(b)(5)(C) and USSG Section 2K2.1(b)(6)(B) as applied to Defendant **EASTON**. Paragraphs 47 and 48 of the PSR both demonstrate that Defendant **EASTON** is being punished for the same

conduct, transferring firearms to Defendant **PEREZ DIAZ** knowing or having reason to believe that the firearms would be disposed of unlawfully.

Further, the commentary for Section 2K2.1 does not expound on this issue. Therefore, the court should not apply the four-level enhancement USSG Section 2K2.1(b)(6)(B).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original of the foregoing has been furnished by electronic filing to the Clerk of the United States District Court; and a true and correct copy has been furnished via electronic filing to Noah Dorman, US Attorney's Office this 16th day of April, 2025.

| | |
|---|---|
| */s/ John D. Middleton* | */s/ Kyle D. Macomber* |
| **JOHN D. MIDDLETON, ESQ.** | **KYLE D. MACOMBER, ESQ.** |
| Florida Bar Number 224553 | Florida Bar Number 1002399 |
| **MIDDLETON & MIDDLETON, P.A.** | **MIDDLETON & MIDDLETON, P.A.** |
| 303 State Road 26 | 303 State Road 26 |
| Melrose, FL  32666 | Melrose, FL  32666 |
| (352) 475-1611 (telephone) | (352) 475-1611 (telephone) |
| (352) 475-5968 (facsimile) | (352) 475-5968 (facsimile) |
| E-mail: service@fightingforall.com | E-mail: kyle@fightingforall.com |
| Attorney For Defendant | Attorney For Defendant |